UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DANIELLE DADE,<br><br>*Plaintiff*,<br><br>v.<br><br>WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY,<br><br>*Defendant*. | Civil Action No. 25 - 619 (SLS)<br>Judge Sparkle L. Sooknanan |

## MEMORANDUM OPINION

Danielle Dade alleges that the Washington Metropolitan Area Transit Authority (WMATA) discriminated against her based on disability in violation of the Americans with Disabilities Act (ADA). WMATA moves to dismiss under Federal Rule of Civil Procedure 12(b)(1), arguing that Ms. Dade's claims are barred by WMATA's Eleventh Amendment sovereign immunity. The Court agrees and dismisses Ms. Dade's complaint without prejudice.

### BACKGROUND

The Court draws the facts, accepted as true, from the Plaintiff's Complaint and attachments. *Wright v. Eugene & Agnes E. Meyer Found.*, 68 F.4th 612, 619 (D.C. Cir. 2023).

Ms. Dade was hired as a Special Project Manager at WMATA in 2019 and was eventually promoted to Assistant Project Manager in 2022. Compl. ¶ 6, ECF No. 1. In the latter role, Ms. Dade was supervised by the Director of Planning and Sustainability, Amy Mesrobian. *Id.*

Between November 2022 and April 2023, Ms. Dade took two periods of short-term disability leave under the Family Medical Leave Act (FMLA)—first, for "mental health issues" and then for "an injury she sustained in January 2023 which made walking and sitting for long

periods of time difficult." Compl. ¶¶ 8, 10. After returning to work, Ms. Dade was permitted to telework full time as an ADA accommodation rather than just the two days usually allowed. Compl. ¶ 11.

During 2022 and 2023, Ms. Dade alleges that Ms. Mesrobian repeatedly discriminated against her based on disability in various ways. Ms. Dade claims that Ms. Mesrobian (1) imposed more onerous supervision requirements because of her telework accommodation, Compl. ¶ 11; (2) threatened that she would manage Ms. Dade in a more "hostile way" if she were not prevented from doing so by the FMLA and ADA, *id.*; (3) requested that Ms. Dade complete work early that was not yet due, Compl. ¶ 13; (4) suggested that Ms. Dade was not adequately explaining her work because of disability, Compl. ¶¶ 14–15; (5) unfairly criticized Ms. Dade's work and placed her on a performance improvement plan even though Ms. Dade had previously received a "high performer evaluation" from her old department, Compl. ¶ 17; and (6) interfered with Ms. Dade's transfer to another department, Compl. ¶ 20.

In April 2023, Ms. Dade filed a complaint with WMATA's Equal Employment Opportunity Office about Ms. Mesrobian's discriminatory treatment. Compl. ¶ 12. In November 2023, she filed another EEO complaint alleging retaliation. Compl. ¶ 21. On December 1, 2023, WMATA terminated Ms. Dade. *Id.*

Ms. Dade filed this lawsuit on March 3, 2025. She alleges that WMATA violated the ADA by discriminating against her based on disability and failing to reasonably accommodate her disability (Count I), and by retaliating against her for engaging in protected activity (Count II). Compl. ¶¶ 22–37. On April 28, 2025, WMATA moved to dismiss for lack of subject-matter jurisdiction. Mot. Dismiss, ECF No. 3. The motion is now ripe for review. Opp'n, ECF No. 5.

**LEGAL STANDARD**

"When a defendant brings a Rule 12(b)(1) motion to dismiss, the plaintiff must demonstrate that the court indeed has subject-matter jurisdiction to hear [her] claims." *Hill v. U.S. Dep't of Interior*, 699 F. Supp. 3d 1, 12 (D.D.C. 2023) (first citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992); and then citing *U.S. Ecology, Inc. v. U.S. Dep't of Interior*, 231 F.3d 20, 24 (D.C. Cir. 2000)). And "[b]ecause the court may not address the plaintiff's claims without subject-matter jurisdiction, a motion to dismiss under Rule 12(b)(1) [also] imposes an affirmative obligation on the court to ensure that jurisdiction is proper." *Himex Co. v. United States*, 17 F. Supp. 3d 77, 79 (D.D.C. 2014). In reviewing a motion to dismiss for lack of jurisdiction under Rule 12(b)(1), courts "construe the complaint liberally, granting plaintiff the benefit of all inferences that can be derived from the facts alleged." *Thomas v. Principi*, 394 F.3d 970, 972 (D.C. Cir. 2005) (internal quotation marks and citations omitted).

**DISCUSSION**

WMATA argues that Ms. Dade's complaint must be dismissed because WMATA enjoys Eleventh Amendment immunity from claims brought under Title I of the ADA.  The Court agrees.

WMATA is a mass transit system that was "created by an interstate compact among Maryland, Virginia, and the District of Columbia." *Barbour v. Washington Metro. Area Transit Auth.*, 374 F.3d 1161, 1163 (D.C. Cir. 2004). The D.C. Circuit has "consistently recognized that in signing the WMATA Compact, Virginia and Maryland each conferred its immunity upon WMATA, which therefore enjoys, to the same extent as each state, immunity from suit in federal court based on its performance of governmental functions." *Jones v. Washington Metro. Area Transit Auth.*, 205 F.3d 428, 432 (D.C. Cir. 2000); *see also Barbour*, 374 F.3d at 1163 ("WMATA . . . enjoys the Eleventh Amendment immunity of the two signatory states."); *Morris v. WMATA*,

781 F.2d 218, 219 (D.C. Cir. 1986) ("WMATA's sovereign immunity exists because the signatories have successfully conferred their respective sovereign immunities upon it.").

When a state or state entity enjoys Eleventh Amendment immunity, it may be sued only if (1) it waives its immunity and consents to suit, or (2) Congress exercises its enforcement power under Section 5 of the Fourteenth Amendment to abrogate the state's immunity. *Barbour*, 374 F.3d at 1163. Here, there is no indication that WMATA has waived its immunity and consented to be sued by Ms. Dade. Nor has WMATA's immunity been abrogated by Congressional action. While Ms. Dade's Complaint does not identify the specific title of the ADA under which she seeks relief, her claims appear to be brought under Title I, which addresses disability discrimination in employment. And the Supreme Court has directly held that "Congress did not validly abrogate the States' sovereign immunity from suit by private individuals for money damages under Title I." *Bd. of Trs. of Univ. of Alabama v. Garrett*, 531 U.S. 356, 374 n.9 (2001).

In light of the above authorities, Ms. Dade's claims for monetary damages under the ADA must be dismissed. The same is true of her requests for declaratory and injunctive relief. *See Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 58 (1996) ("[W]e have often made it clear that the relief sought by a plaintiff suing a State is irrelevant to the question whether the suit is barred by the Eleventh Amendment.") (citing *Cory v. White*, 457 U.S. 85, 90 (1982)); *see also White v. Washington Metro. Area Transit Auth.*, 303 F. Supp. 3d 5, 10–11 (D.D.C. 2018) (finding that the plaintiff's "request for a declaratory judgment under the ADA is barred by WMATA's Eleventh Amendment immunity").

Ms. Dade appears to concede that her ADA claims must fail, Opp'n at 7, but argues that her Complaint adequately states a claim under the Rehabilitation Act, Opp'n at 8–9. If true, this would save the day for Ms. Dade, as the D.C. Circuit has held that WMATA has "waived its

4

immunity from suit under the Rehabilitation Act by accepting federal transportation funds." *Barbour*, 374 F.3d at 1170. The problem for Ms. Dade is that, fairly construed, her Complaint raises only claims under the ADA. Both counts are captioned "Violation of the Americans with Disabilities Act," Compl. at 8, 11, and nowhere in the Complaint does Ms. Dade reference the Rehabilitation Act.

In the alternative, Ms. Dade seeks leave to amend her Complaint. Opp'n at 12–13. Federal Rule of Civil Procedure 15(a)(1) permits a party to "amend its pleading once as a matter of course [within] . . . 21 days after service of a motion under Rule 12(b)." Fed. R. Civ. P. 15(a)(1). Outside of that time, Rule 15(a)(2) allows a party to amend its pleading "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "In the absence of any apparent or declared reason" like "undue delay, bad faith or dilatory motive on the part of the movant," "leave [to amend] . . . should . . . be 'freely given.'" *Foman v. Davis*, 371 U.S. 178, 182 (1962). A court may deny leave to amend if it would lead to "undue prejudice to the opposing party," or if it "would not survive a motion to dismiss." *Richardson v. United States*, 193 F.3d 545, 548–49 (D.C. Cir. 1999) (citing *Foman*, 371 U.S. at 182). But it is "an abuse of discretion to deny leave to amend unless there is sufficient reason, such as 'undue delay, bad faith or dilatory motive . . . repeated failure to cure deficiencies by previous amendments or futility of amendment.'" *Joel v. Howard Univ.*, No. 24-cv-1655, 2025 WL 358769, at *1 (D.D.C. Jan. 31, 2025) (quoting *Foman*, 371 U.S. at 182) (cleaned up).

Here, Ms. Dade does not explicitly identify what amendments she plans to make to her Complaint, but her Opposition suggests she will recast her claim as being brought under Section 504 of the Rehabilitation Act. Given D.C. Circuit precedent that WMATA is not immune from suit under the Rehabilitation Act, *Barbour*, 374 F.3d at 1170, the Court is persuaded that

amendment would not necessarily be futile. *See Reddish v. Washington Metro Area Transit Auth.*, No. 22-cv-2658, 2023 WL 5289290, at *7 (D.D.C. Aug. 17, 2023) (permitting amendment under similar circumstances). It also seems, at this early stage in the litigation, that there would be little undue prejudice to WMATA from giving Ms. Dade an opportunity to amend. Indeed, WMATA did not reply to oppose Ms. Dade's request to amend her Complaint.

Accordingly, the Court will permit Ms. Dade an opportunity to amend her complaint. To do so, however, she must file a motion consistent with Local Civil Rule 7(i) that is "accompanied by an original of the proposed pleading as amended."

## CONCLUSION

For the foregoing reasons, the Court grants the Defendant's Motion to Dismiss, ECF No. 3, and dismisses Ms. Dade's Complaint without prejudice. If Ms. Dade wishes to amend her Complaint, she must file a motion requesting leave to do so pursuant to Local Civil Rule 7(i) by November 17, 2025.

A separate order will issue.

_____
SPARKLE L. SOOKNANAN
United States District Judge

Date:   October 17, 2025